**Date signed February 24, 2005**



## United States Bankruptcy Court
## District of Maryland
## at Greenbelt

In re

    Frederick Wiggins,

            Debtor.            Case No. 04-33141 NVA
                                         Chapter 13
_____/

Frederick Wiggins,

            Plaintiff,           Adv. No. 04-02327
                                       Adversary Proceeding

v.

First Guaranty Mortgage Corporation
and Fannie Mae,

            Defendants.
_____/

**Memorandum Opinion Granting Motion to Dismiss or for Summary Judgment filed
by Fannie Mae**

This matter came before the Court on a Motion to Dismiss or for Summary

Judgment filed by Fannie Mae [5].  For the reasons set forth below, the motion is granted.

I.  Facts

Plaintiff/Debtor, Frederick Wiggins, filed a petition for relief under chapter 13 of the Bankruptcy Code on October 12, 2004.  Subsequently, on December 4, 2004, Debtor filed this adversary proceeding, against Defendants First Guaranty Mortgage Corporation ("FGMC") and Federal National Mortgage Association (commonly known as "Fannie Mae").

This is a Truth in Lending action that arose from Debtor's refinance of his home in 2001.  On December 20, 2001, Debtor and his wife, Theresa Wiggins, borrowed $276,000 from FGMC to refinance their home located at 1808 Black Walnut Ct., Frederick, Maryland.  Debtor and his spouse executed a deed of trust in favor of FGMC.  FGMC assigned the loan and the deed of trust to Defendant Fannie Mae.  Fannie Mae holds the loan and it is serviced by EMC Mortgage Corporation.  Debtor has scheduled equity in the home of approximately $193,029.

The Complaint alleges that Defendants, FGMC and its successor in interest Fannie Mae, violated the Truth in Lending Act, 15 U.S.C. 1601-1647 based on the following facts:

1) FGMC failed to provide him copies of any documents at the settlement;

2) FGMC did not provide notice of his right to rescind at the settlement;

3) FGMC asked Debtor to sign an acknowledgment that the rescission period had expired at the settlement;

4) FGMC requested that Debtor waive his right to cancel the transaction on the day

2

of settlement.

Debtor contends that he has a right to rescind under 15 U.S.C. 1635(a) and a right to damages under 15 U.S.C. 1640. Both FGMC and Fannie Mae filed motions to dismiss or for summary judgment.

II. Motion for Judgment on the Pleadings; Summary Judgment Standard

Fannie Mae seeks judgment on the pleadings or summary judgment. When matters outside the pleadings are presented with a motion for judgment on the pleadings, the motion must be treated as one for summary judgment. Fed. R. Civ. P. 12(c); B.R. 7012(b) (Rule 12(c) applies in adversary proceedings). Accordingly, the Court treats Fannie Mae's Motion to Dismiss or For Summary Judgment as a motion for summary judgment.

Summary judgment is appropriate only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Fed. R. Bankr. P. 7056 (Rule 56 applies in adversary proceedings). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986). Rule 56(c) mandates summary judgment against a party who fails to establish the existence of an element essential to that party's case and on which that party bears the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The movant has an initial burden of showing "the absence of a genuine issue of material fact." Celotex, 477 U.S. 317, 323. Once the movant meets this burden, the non-

3

movant must come forward with specific facts showing that there is a genuine issue for trial. Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

III.  Analysis

On December 18, 2003, Debtor and his wife entered into a Loan Modification Agreement with Fannie Mae.  Under the agreement, Fannie Mae extended the terms of their loan and allowed them to avoid foreclosure.  The Loan Modification Agreement contained a broad release which provided:

> As consideration for Lender entering into this Agreement, Borrower hereby remises, releases and forever discharges Lender, its subsidiaries, affiliates, assigns and successors, and Lender's agents, servants, officers, principals, trustees and employees, from any and all manner of actions, suits, debts, judgments, dues, accounts, covenants, claims and demands whatsoever, in law or equity, that the Borrower or Borrower's heirs or executors had, has or may have for any cause or thing whatsoever relating to this Agreement or the extension of credit to the Borrower evidenced by the original Note and Security Instrument.  Borrower understands that this is a full and final release of all claims which Borrower may have against Lender and nothing in this Agreement shall be deemed or otherwise construed as an admission of liability of any kind on the part of Lender, all such liability being expressly denied. **Borrower acknowledges that he/she has had the opportunity to consult with counsel of his/her own choosing prior to executing this Agreement.**

Fannie Mae Motion, Ex. 3, Loan Modification Agreement, para. 3 (emphasis in original).

Debtor contends that this release only discharges liability of EMC, servicer for Fannie Mae, not Fannie Mae.  Debtor bases his argument on the fact that the contract releases "Lender" and "Lender" is defined as EMC Mortgage Corporation, servicer for Fannie Mae.

4

This argument is disingenuous. The language of a contract is unambiguous, and the Court must give effect to its plain meaning. *Wells v. Chevy Chase Bank, F.S.B.*, 363 Md. 232, 250-51, 768 A.2d 620, 630 (2001).[1] The first paragraph of the Loan Modification Agreement states that the agreement is between Frederick and Teresa Wiggins and "EMC Mortgage Corporation as Servicer for Federal National Mortgage Association ("Lender") current holder of the Note and Security Instrument . . . ." The plain language of the Loan Modification Agreement thus defines Fannie Mae as the Lender and EMC as the Servicer. Further, it provides that "Borrower hereby remises, releases and forever discharges Lender, its subsidiaries, affiliates, assigns and successors" from all suits, claims, and demands. Accordingly, Debtor released Fannie Mae from liability; Fannie Mae's Motion for Summary Judgment must be granted.

IV. Conclusion

For the reasons stated above, Fannie Mae's Motion for Summary Judgment [5] is hereby GRANTED.

cc:   Debtor
      Scott Borison, Counsel for Debtor
      James E. Clarke, Counsel for Fannie Mae

---

[1] Absent a compelling federal interest to the contrary, a bankruptcy court must apply the choice of law rules of the state where the court is located. *In re Merritt Dredging Company, Inc.*, 839 F.2d 203 (4th Cir. 1988). Thus, Maryland choice of law rules apply. When interpreting contracts, Maryland courts apply the principle of *lex loci contractus*, that is, the law of the jurisdiction where the contract was formed applies, unless the parties agreed otherwise. *In re Wetzler*, 192 B.R. 109, 113 (Bankr. D. Md. 1996). Here, the Loan Modification Agreement was formed in Maryland and thus Maryland law applies.

Douglas Clark Hollmann, Counsel for FGMC

**End of Memorandum**